Turley, J.
delivered the opinion of the court.
This is a usury bill, and it appears from the bill, answer, and *451 proof, that the defendant. Robert Campbell, bought of the complainant, Miles H. May, one note for two hundred dollars, drawn by John J. May, in his favor, and endorsed by him and one George Lipscomb, at a discount of twenty-ñve per cent, that is, paying for the same $150 — that this note was made for the purpose of being discounted at usurious interest, and that the same was known to the defendant, at the time of his purchase; it also appears that the defendant bought of the plaintiff two other notes, one for $50 on Wm. B. Brown and one for $70 on Wm. McCorkle, both endorsed by the complainant, and the said George Lipscomb; the last notes were real transaction notes, and were bought at twenty per cent discount.
It is admitted by the parties that the two hundred dollar note was paid to the defendant b.y the complainant in two horses, one valued at $75, and the other at $125. Complainant and Lipscomb were sued upon t]ie $70 note, and judgment rendered against them thereon; upon which as it appears the complainant executed his note to the defendant for $23, to delay the collection thereof; which he has paid, with interest, $24 88. It further appears that the complainant has, as endorser of the $80 note on Wm. B. Brown, paid the same in a horse at eighty dollars. It also appears that the defendant has been paid the $70 note on McCorkle, in full, by McCorkle.
Then how does this case stand upon these facts?
The $200 note, for which complainant received from the defendant $150, has been paid in full,-in horses truly, but they were estimated at $200; the purchase of this note being usurious, the complainant is entitled to recover back the excess above $150, and interest thereon at six percent. The $80 note was a real transaction note, not made for usurious purposes; it was therefore no usury to buy it at twenty five per cent, discount; and although as we have held that in such case, an endorser could not be compelled to pay, as such, more than the amount received with interest, yet if he pay it voluntarily, or permit judgment at law against him, chancery will not relieve, because the contract was not usurious. Complainant is therefore entitled to no decree for excess of payment on this note. The $70 note having been paid by the maker to the de *452 fendant, complainant is entitled to no decree for excess of payment on it, because it was also a real transaction note, and the con-» tract likewise for its purchase was not usurious; and the defendant was therefore entitled to the full amount from the maker, which having been received by him, will be held to have been received by the complainant.
As to the $23 given for delay upon the judgment on the $70 note, it is all usury and must be repaid by the defendant.